Birchard, .J.
The instructions given, may well be considered in connection with .those refused. There can be no doubt in this case, as to the intention of the parties. If the release has the effect to bar the claim of Swearingen, it effects what he never intended. The object of Forse and those of his creditors who signed his release and compounded with him, was merely to discharge him “ from all claims, demands, action or actions, cause or causes of action whatsoever,” which they then had against him. Swearingen had such a claim or demand , as these words would embrace, at the time. It was an existing liability for flour sold, which created betvveen him and Forse the relation of debtor and creditor. Upon that claim, thp release was designed to operate, and, as to that, it was a discharge.
Whether it could operate upon the liability that grew out of the nonpayment, protest, &c., of the bill of exchange, depends entirely upon the intention of the parties, to be gathered from the language of the release and state of facts then existing. It must be borne in mind, that Swearingen, at the date of the release, was not the holder of the bill, he had no right to it, it was not matured, but was in the hands of an indorsee for value. *281 Let üs.inquire what effect this release could have ■ upon the bill, admitting ■ that ■ its terms'- were intended to embrace i't. The answer is -plairi. The bill in Wolcott’s hands could not be affected by any discharge of-Swearingen.- He could not re-' .lease the rights of Wolcott.• This being so, the law will'Hot raise -the presumption .that he intended, or that Fprse- expected ■ the .release would, operate, a discharge. We-must look,’then, .to the'words contained.in the reléase. The terms, “action or 'actions-,’’will not embrace-the'bill-.; nor,-will, “'cause or causes . of action,” for-the.reason thátthere was, by reason of the bill, neither'.action ór'cause-of,action-then subsisting" against Forse,- and in’favor of Swearingen.-... The same. may. be said of “ claim' : or demand.” 'As -used, those' terms.comprehended only such ■weye ...then, .present, subsisting claims or demands, held, by.'the . i-eléásbr against'thevrtífeuseé... The-'in.strúctioris, then', effected .-.'what'--was the-' actual- intention: Of;.-the" parties, -as. shown-by'•the evidence, and,'wmV-con'sistent'w'ith'.;'the forcé ahd effect of the .language offthe release, construing.the words -according to the . common. acceptation! of their' meaning. ' But we must look to ' decided pases, in order to determiné whether we'have given to' .them all the force they-will bear,-in a legal sénse. The -co'uri- . sel for the plaintiff in error; submits,, that we have not. • order that our opinion may-be as satisfactory, as can be -expectedj-.T will notice, briefly,-the several'.positions taken, authorities referred to; ■ ■■
The.first' claim is,, that,.if a holder of a bill discharge's the acceptor or even’gives time for a day,' (on a-valuable consi.deration,). he thereby discharges all -intermediate parties on the bill in bis hands,-unless it is-donó with their consent. We unanimously. assent to-this proposition, and -need not recur to authorities'upon the point.' .Yet, it moveth vei-y little towards estabfishing the position, that the court below erred; .because Swearingen was not the “ holder of the billit was not “-in his hands ” at the delivery of the' release,' and was not discharged by it. ' , - <
*282 Again — it is contended that Swearingen holds the bill, as of his original title, precisely as if the bill had never been out of his possession, and, otherwise, that he has no claim. -We think this is not precisely accurate, and, therefore, deny the position, and assert that the authorities sustain us. The cases which are relied upon by plaintiff in error are, first, that of Scott v. Lifford. It merely decides, that a release by the drawer, of the acceptor, by words general, retrospective and prospective in their terms, is a discharge of the acceptor, and made him a competent witness for him, and that he would have no new cause of action after taking up the bill. The release in Scott v. Lifford, was, of all actions and causes of action which he then had or might thereafter have, by reason of any thing or matter whatsoever, from the beginning of the world to the date of the release. That, most certainly, was sufficient to embrace the acceptance, and the supposed fund upon which it was drawn. , They were past matters, which must be relied on after redeeming the bill. In Coe v. Hutton, the terms of the release were equally comprehensive, and were, therefore, held to-embrace, not only present and subsisting causes of action, but any future actions growing out of any past and prior act, matter or thing. Cuyler v. Cuyler, 2 Johns. Rep. 187, is an authority, so far as applicable, which would sustain the right of Swearingen to recover on the common counts upon the implied contract, (p. 188,) but, for want of which common counts, it would seem that action was not sustained.

Judgment Affirmed.